UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BERNARD KERMELL POLLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:22-CV-482-HAB |
| ) | |
| WEB INDUSTRIES and INDIANA CIVIL ) | |
| RIGHTS COMMISSION, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Plaintiff sued Defendants after he was fired from his job with Web Industries ("Web"). He believes that Web illegally retaliated against him, and the Indiana Civil Rights Commission ("ICRC") failed to adequately investigate the firing. Both parties have moved to dismiss Plaintiff's suit. Those motions are now ripe for ruling.[1]

**I.     Well-Pleaded Facts**

Plaintiff alleges that he was fired from Web in November 2021. He was told that he was fired for "insubordination," a claim he denies. Instead, Plaintiff thinks that Web retaliated against him because he "asked to speak to RD and was going to tell him of the events which happen there." (ECF No. 1 at 2). Rather than be allowed to speak to RD, Plaintiff was fired before his shift ended.

Plaintiff filed a complaint with the ICRC in February 2022. He heard nothing from Tammy, the ICRC representative handling his case, for more than a month. When he did hear from Tammy, she said only that her boss was looking into the complaint.

---

[1] Plaintiff filed a motion objecting to the dismissal and requesting a thirty-day stay of proceedings. (ECF No. 27). Web objected to the motion. (ECF No. 28). Because even the extension period requested by Plaintiff has come and gone without action by Plaintiff, that request is DENIED as moot.

The ICRC issued a no-fault finding in August 2022. Plaintiff appealed, but his appeal was denied in September 2022. Plaintiff asserts that the ICRC's investigation was a "dereliction of duty" that denied him due process. (*Id*. at 3).

## II. Legal Discussion

### A. *Motion to Dismiss Standard*

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proof is on the plaintiff, the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co*., 322 F.3d 942, 946 (7th Cir. 2003), overruled on other grounds by *Minn-Chem, Inc. v. Agrium, Inc*., 683 F.3d 845 (7th Cir. 2012) (en banc). "The plaintiff has the burden of supporting the jurisdictional allegations of the complaint by competent proof." *Int'l Harvester Co. v. Deere & Co*., 623 F.2d 1207, 1210 (7th Cir. 1980).

"When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d

894, 897 (7th Cir. 1995) (citation omitted). Further, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id*. (citation and quotation marks omitted).

Because Plaintiff proceeds pro se, the Court must follow the well-settled law of this Circuit that pro se complaints are not held to the stringent standards expected of pleadings drafted by lawyers. In contrast, pro se complaints are to be liberally construed. *See Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987).

**B.    *Claims Against the ICRC are Barred by the Eleventh Amendment***

The ICRC moves to dismiss Plaintiff's complaint under the Eleventh Amendment. The Eleventh Amendment prohibits private parties from filing a federal lawsuit against a state, state agency, or state official unless the state waives its Eleventh Amendment immunity by consenting to suit, or Congress abrogates the state's immunity. *See Kroll v. Bd. of Trs. of the Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991). Indiana has not consented to suit, and Congress did not abrogate states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 342 (1979). Moreover, states, their agencies, and officials are not "persons" who may be subject to suit for damages under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 69–71 (1989); *Levenstein v. Salafsky*, 414 F.3d 767, 772 (7th Cir. 2005).

*Ex Parte Young* provides a limited exception to the doctrine of sovereign immunity by allowing parties to sue state officials, in their official capacity, for equitable relief prospective in nature. 209 U.S. 123 (1908). Plaintiff's complaint does not seek equitable relief from ICRC—he requests only that he be "compensated" for ICRC's alleged negligence. (ECF No. 1 at 3). The limited exception does not apply here.

Plaintiff does not meaningfully address the ICRC's Eleventh Amendment argument. Rather, he argues that the "service rendered is beneath the commitment the office makes to the State on Indiana employees and should office should be held accountable and not allowed to stand in an immunity which does not hold them accountable to the people." (ECF No. 25 at 2) (all sic). The ICRC may have rendered sub-standard services, but this Court has no jurisdiction to make that determination. Only an Indiana state court can do that. Plaintiff's claims against the ICRC are dismissed for lack of jurisdiction.

C.   ***Plaintiff has Pled Enough to Pursue a Retaliation Claim***

"To plead a retaliation claim under Title VII, a plaintiff must allege that []he engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity." *Luevano v. Wal-Mart Stores, Inc*., 722 F.3d 1014, 1029 (7th Cir. 2013). The pleading need not prove a causal link between the protected activity and the adverse employment action. *Id*. For instance, in *Luevano* the Seventh Circuit reversed a dismissal and held that the plaintiff had sufficiently pled retaliation by alleging she had filed a complaint against her supervisor and then suffered reduced working hours. *Id*. That was "all Luevano needed to do at that stage." *Id*.

Web argues that it cannot be liable for retaliation because it fired Plaintiff before the meeting with RD occurred. (ECF No. 24 at 4) (arguing Plaintiff "pleads that he had not engaged in his alleged 'protected activity' prior to the adverse employment action"). The Court, however, concludes that a reasonable reading of the complaint is that RD was aware of the nature of the requested meeting before the termination. Whether Plaintiff said enough when he requested the meeting to satisfy the legal requirement of engaging in protected activity is a question that can be answered after discovery has occurred. At this point, the Court believes that he has alleged enough to proceed.

## III. Conclusion

For these reasons, the ICRC's motion to dismiss (ECF No. 11) is GRANTED. Web's motion to dismiss (ECF No. 23) and Plaintiff's Motion to Object and Extend (ECF No. 27) are DENIED.

SO ORDERED on October 16, 2023.

                                  s/ *Holly A. Brady*
                                  CHIEF JUDGE HOLLY A. BRADY
                                  UNITED STATES DISTRICT COURT